IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| EARNEST LEE WALKER, JR. | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-719-WKW |
| | | (WO) |
| ATTORNEY: AIMEE C. SMITH, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Montgomery County Detention Center in Montgomery, Alabama, filed this 42 U.S.C. § 1983 action on August 10, 2007. Plaintiff alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were and/or are being abridged due to the conduct and actions of Defendants in regard to the revocation of his parole on or about July 6, 2004 and with respect to his current incarceration. Plaintiff brings this complaint for damages and injunctive relief against Aimee Smith, Esq., the Honorable Johnny Hardwick, probation officer Kelvin Branty, the Department of Human Resources, and the Montgomery City Jail. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from

## I. DISCUSSION

*A. Claims Barred by the Statute of Limitations*

Plaintiff complains that Defendants Hardwick, Smith, and Branty violated his constitutional rights by engaging in conduct which resulted in the illegal revocation of his parole on or about July 6, 2004.[2] It is clear from the face of the complaint that Plaintiff's challenges to the alleged improper revocation of his parole are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). At the time Plaintiff filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for

---

a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2]The allegations in the complaint are presented in a rambling and disjointed manner and, thus, the court's analysis of the claims presented is based on a fair reading of the complaint in light of the manner in which Plaintiff sets forth his contentions.

personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

The alleged unconstitutional actions about which Plaintiff complains occurred on or before July 6, 2004. On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners. *Ala. Code* § 6-2-8(a) (1975, as amended). The tolling provision of *Ala. Code* § 6-2-8(a) is therefore unavailing. Consequently, the applicable statute of limitations expired on the claims related to Plaintiff's July 6, 2004 alleged illegal revocation of parole on or before July 6, 2006. As previously noted, Plaintiff filed the instant complaint on August 10, 2007. This filing occurred **after** the applicable periods of limitation had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332." *Id*. at n.2.

3

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed with regard to those claims which occurred on or before July 6, 2004 as he filed this cause of action more than two (2) years after the violations which form the basis of those claims accrued. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Plaintiff's challenges to the actions of Defendants with respect to matters which occurred on or before July 6, 2004 are barred by the applicable statute of limitations. These claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

*B. The Perjured Testimony Claim*

Plaintiff complains that Defendants Hardwick, Smith, and Branty violated his constitutional rights by lying under oath. Assuming, without deciding, that Plaintiff's perjury claim is not barred by the statute of limitations, this allegation provides no basis for relief. The law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a claim against a police officer or other individual for committing perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325 (1983). "[I]n litigation brought under 42 U.S.C. § 1983 . . ., all witnesses - police officers as well as lay witnesses - are absolutely immune from civil liability based on their testimony in judicial proceedings. [*Briscoe v. LaHue*,] 663 F.2d 713 ([7th Cir.] 1981)." *Id.* at 328. The Court further implied that the false testimony of a police officer in and of itself does not violate an accused's constitutional rights. *Id.* at 327, n. 1. Thus, Plaintiff's perjury claim is without legal basis and, as such, is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*C. Claims Against Judge Johnny Hardwick*

1. <u>The Request for Monetary Damages</u>. Even if Plaintiff could demonstrate that his claims against Defendant Hardwick are not barred by the applicable statute of limitations, the court understands the challenges made by Plaintiff against Judge Hardwick to emanate from actions taken by him in his judicial capacity during state court proceedings over which he had jurisdiction. As such, they are subject to dismissal.

The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Moreover, this immunity applies even when the judicial acts are done maliciously or corruptly. *Stump*, 386 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). Accordingly, Plaintiff's claims for monetary damages against Judge Hardwick are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.

2. The Request for Declaratory Relief. To the extent Plaintiff seeks declaratory relief from adverse decisions issued by Judge Hardwick in the state court proceedings over which this defendant presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, ___, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court

6

proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at ___, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of any request for declaratory relief with respect to actions undertaken by Judge Hardwick during proceedings related to state court proceedings against Plaintiff is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

D. *Claims Against Attorney Aimee Smith*

Even if Plaintiff could demonstrate that his claims against Defendant Smith are not barred by the applicable statute of limitations, his complaint against this defendants is simply not cognizable in an action filed under § 1983. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation

7

about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation ... *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50. (Emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Plaintiff complains was not committed by a person acting under color of state law, the § 1983 claims Plaintiff asserts against Defendant Smith are due to be dismissed as frivolous because they lack an arguable basis in law. *Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e)(2)(B)(i).

*E. The Reputation Claim*

Plaintiff contends that Defendants Hardwick, Branty, and Smith "lied on him" and/or submitted untrue statements about him to the Alabama State Bar. To the extent this allegation against these defendants is not barred by the statute of limitations, Plaintiff's claim of defamation and/or injury to his reputation may not proceed. An alleged act of defamation of character or injury to reputation is not cognizable in a complaint filed under § 1983. *Paul v. Davis,* 424 U.S. 693, 710-12 (1976); *see also Von Stein v. Brescher*, 904 F.2d 572, 583 (11th

8

Cir. 1990). Plaintiff's reputation claim is, therefore, subject to dismissal as frivolous as it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

*F. The Pending Charge*

To the extent Plaintiff seeks to challenge matters associated with a criminal charge currently pending against him in state court, such claims are due to be dismissed. If the matters about which Plaintiff complains were found to violate his federal rights, it is clear that such claims are currently pending before the state courts, and they are, therefore, not currently appropriate for consideration by this court.

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can present the factual and legal bases for the alleged constitutional violations in the on-going state court criminal proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that Plaintiff must endure criminal prosecution in state court fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must,

therefore, abstain from considering the merits of any challenges Plaintiff seeks to make regarding his current confinement.

G. *The Department of Human Resources*

Plaintiff names the Alabama Department of Human Resources as a defendant. The Department of Human Resources is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, Plaintiff's claims against the Department of Human Resources are due to be dismissed. *Id.*

H. *The Montgomery City Jail*

Plaintiff names the Montgomery City Jail as a defendant. The Montgomery City Jail is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Plaintiff's claims for relief lodged against this defendant are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims challenging events which occurred on or before July 6, 2004 be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint with regard to these allegations within the time prescribed by the applicable period of limitation;

2. Plaintiff's § 1983 claims presented against Defendants, to the extent they are not barred by the applicable statute of limitations, be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii);

3. The challenges to the criminal charge(s) pending against Plaintiff before the state courts of Montgomery County, Alabama, be DISMISSED without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii),

4. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **September 4, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 23rd day of August 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE